UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS, SAN ANTONIO

| | |
|---|---|
| MARCUS ESCOBAR, MARIO ZUNIGA, JR. AND NICOLAS GAMEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED § § § § § **Plaintiff(s)** § vs. § § RENTAL XPRESS, LLC AND JANIE S. § MIDDLETON AND KENNETH SHEA MIDDLETON, § INDIVIDUALLY § § § **Defendant(s)** § | Civil Case No. 5:14-cv-267 |

### DEFENDANTS' OBJECTIONS AND OPPOSITION TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW Defendants Rental Xpress, LLC, Janie Middleton, and Kenneth Shea Middleton, and file their Objections and Opposition to Plaintiffs' Reply in Support of Motion for Partial Summary Judgment [DKT 49]. In support of their position that the majority of the evidence attached to Plaintiffs' Reply is objectionable and should be struck, and that summary judgment cannot be granted to Plaintiffs, Defendants would show this Honorable Court:

### I.    Objections to Plaintiffs' "Evidence"

1.1   Defendants object to Plaintiffs' Exhibits 1-12 attached to their Reply, which is a random gathering of alleged paystubs that Plaintiffs assert they have in their possession (cited in Reply at pp. 5-7). Defendants also object to Exhibit 21, an alleged credit card statement for Marcus Escobar (cited in Reply at p. 10). None of these papers is authenticated or sworn to in any way. Fed. R. Evid. 901. No one avers to their accuracy.

*Id.* These papers are also pure hearsay. Fed. R. Evid. 803. They are not originals and a genuine question is raised about their authenticity and their circumstances, making them unfair to admit. Fed. R. Evid. 1001-1003.

1.2    Defendants also object to Exhibits 13 through 19, Declarations from seven (7) opt-in Plaintiffs only just signed on April 23 and 24, 2015, long after Defendants took the depositions of multiple witnesses in this case and filed their Response to Plaintiffs' Motion for Summary Judgment (cited in Reply at pp. 6, 7, 9). Defendants likewise object to Exhibit 26, which is also a random gathering of payroll information for these seven newly-discussed opt-in plaintiffs, offered without context, explanation or discussion save for whatever can be gleaned from the Declarations (the payroll documents are not attached to the Declarations). Nowhere in Plaintiffs' motion for summary judgment, filed January 15, 2015, are any of these individuals mentioned [DKT 37]. The Court will recall that it extended the deadlines for Defendants to file their Response until April 17, 2015, so that the parties could take depositions [DKT 46; hearing held February 19, 2015). Those depositions were taken and Defendants filed their Response to Motion for Summary Judgment on April 17, 2015 in accord with the Court's order, attaching excerpts from each [DKT 48]. Defendants were able to refute the statements made by Plaintiff Escobar and Gamez in their affidavits attached to their motion for summary judgment by taking their depositions [DKT 48].

1.3    But as to these brand new Declarations of 7 Plaintiffs attached to the Reply, and on which the Reply heavily relies [DKT 49 at pp. 5-7, 9], it is too late to take their depositions. Defendants have been unfairly prejudiced by the late filing of this brand

new evidence, procured a week after Defendants' Response was due and filed. Defendants have no ability to refute or oppose these statements or these witnesses for summary judgment purposes. Defendants are unable to present facts essential to justify their opposition.

1.4 "Where new evidence is presented in either a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion, or else strike that new evidence." *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), *aff'd*, 41 F.3d 1510 (7th Cir. 1994). "[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers--both briefs and affidavits--may properly address those issues." *Id.*

1.5 There can be no question these affidavits spring upon Rental Xpress new (purported) reasons for entry of summary judgment, and that is not allowed. Therefore, pursuant to Rule 56, the Court should not consider this newly-created evidence, because it is not competent summary judgment evidence: statements made by interested witnesses in support of a motion for summary judgment that are not capable of contravention and opposition may properly be struck. Fed. R. Civ. P. 56(d)(3). Rental Express plays the Court to strike the evidence. In addition, this Court may properly deny the motion for summary judgment on this basis. Fed. R. Civ. P. 56(d)(1). Rental Xpress so prays. In the further alternative, depositions of all of these plaintiffs must be taken before any resolution of this motion for summary judgment can be had. Fed. R. Civ. P. 56(d)(2).

1.6     Defendants object to Exhibits 22, 23, 24 and 25, the depositions of various witnesses, for the reason that they are attached for only one reason: to support the only true "character assassination" in this case: calling Rental Express manager Mike Bittler a racist (Reply at p. 9-10). None of that has any place here and the Court should not be goaded. It has nothing to do with whether Rental Xpress has a valid Belo Plan.

## II.    Plaintiffs' Argument that the Hourly Rate of Pay Had to be Specifically Stated is a Brand New Argument and is Too Late

2.1     Plaintiffs argued in their summary judgment motion that Defendants did not have a valid Belo Plan because there was no agreement between the employer and employees that they would be paid a regular rate of pay in excess of minimum wage for 40 hours and time and a half for 20 hours [DKT 37 at pp. 3-9]. Defendants expressly refuted that argument in their Response, with competent evidence in support [DKT 48]. Now, in their Reply, Plaintiffs argue that a specific regular rate of pay had to be articulated to the employees [DKT 49]. Plaintiffs concede in their reply that "A wage plan is not rendered invalid simply because, instead of stating directly an hourly rate of pay . . . the parties have seen fit to stipulate a weekly wage inclusive of regular and overtime compensation . . . ." *149 Madison Ave. Co. v. Asselta*, 67 S.Ct. 1178, 1181 (1947). [DKT 49 at p. 3] In order to try to work themselves around *Asselta*, Plaintiffs raise a host of new issues, such as bonuses and deductions, not raised in their summary judgment motion, and rely on a host of new "evidence" nowhere found in that motion [DKT 49 at pp. 5-7, 9, 10].

2.2     As stated above, a Reply Brief must not spring upon the non-movant new reasons for granting the motion. That is precisely what this Reply Brief attempts to do.

4

Defendants object. The motion for summary judgment must be denied. The jury must decide these issues.

### **III.** **In the Alternative, Plaintiffs' New Evidence Highlights that Fact Issues Exist**

3.1  Clearly, abundant genuine issue of material fact exist in this case, given the polar-opposite descriptions by the various witnesses about the wage and payment procedures at Rental Xpress. All of these brand-new Declarations and random gathering of documents do nothing more than confirm the abundant fact issues that must be tried to a jury. Whether Defendants had a valid Belo Plan is clearly an issue for the jury to decide. In that vein, the Court knows well credibility is an issue for the jury. "The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe." *Chambers v. Sears Roebuck & Co.*, 428 Fed. Appx. 400, 407 (5th Cir. 2011). Defendants did not "assassinate the characters" of Escobar and Gamez in their Response as they contend, Defendants simply pointed out, with competent evidence, that their credibility was in question, which is an issue for the jury to decide. The jury is not required to believe that testimony; therefore, this Court should not consider it.

### **PRAYER**

WHEREFORE, Defendants pray the Court to SUSTAIN their objections to Plaintiffs' evidence attached to the Reply in Support of their Summary Judgment Motion, and to DENY Plaintiffs' Motion for Summary Judgment. Defendants pray for all other relief to which they are entitled.

Respectfully submitted,

**LAW OFFICE OF LAMAR G. CLEMONS**
248 Addie Roy Rd., Ste. B-302
Austin, Texas 78746
(512) 651-7011; (512) 651-7001 fax
clemons@lgclemonslaw.com

By:_____
**LAMAR G. CLEMONS**
State Bar No. 0437280
Federal ID No. 16610

ATTORNEYS FOR DEFENDANTS

## VERIFICATION

I, Lamar G. Clemons, counsel for Defendants in this matter, aver that I have read the foregoing Objections and Opposition to Plaintiffs' Reply in Support of Motion for Partial Summary Judgment, and the facts stated in paragraphs 1.2, 1.3 and 1.5 are within my personal knowledge and they are true and correct.

Signed this 1st day of May, 2015.

_____
Lamar G. Clemons

SUBSCRIBED AND SWORN TO BEFORE ME on this 1st day of May, 2015 to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

ALBESA GARCIA
MY COMMISSION EXPIRES
March 9, 2016

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this Objections and Opposition to Plaintiffs' Reply in Support of Motion for Summary Judgment upon each attorney of record and the original upon the Clerk of Court on this the 15 day of May, 2015.

*VIA FAX ONLY 210-616-9898*

Mr. Michael V. Galo, Jr.
**GALO LAW FIRM, P.C.**
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229

_____
LAMAR G. CLEMONS